[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re: MOTION TO DISMISS #113
The defendant, Club Soda, moves to dismiss the second count of the plaintiff's complaint which is brought pursuant to Connecticut General Statute § 30-102, i.e., the Dram Shop Act.
In passing upon the defendant's motion, it must be noted that this action has been instituted pursuant to Connecticut General Statutes § 52-592, the accidental failure of suit statute since a previous action between the parties was dismissed for failure to prosecute pursuant to P.B. 251, which dismissal occurred on CT Page 6132 December 11, 1992.
Since this action was commenced on December 10, 1993, it was commenced within one year of the dismissal of the original action as required by § 52-592. However, it is the defendant's claim, that the original action itself was not "commenced within the time limited by law" and thus, the plaintiff cannot avail himself of the benefits of § 52-592.
Section 30-102 states: "No action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of." The incident alleged in the original action, and this action occurred on July 11, 1990. According to the sheriff's returning the original action and testimony adduced from the sheriff at the hearing on this motion, service was made on July 5, 1991. However, the court finds that process was delivered to the sheriff on July 8, 1991 and that service was made within 15 days thereof pursuant to § 52-593(a) of the Connecticut General Statutes.
Section 52-593a provides:
 Except in the case of an appeal from an administrative agency governed by section 4-183
a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
The Court finds no basis to conclude that § 5-593a should not apply to a Dram Shop Action. If the legislature intended to exclude Dram Shop cases from the operation of 52-593a, it could have expressly done so, as was done with administrative appeals.
Therefore, the court finds that the original action was commenced within the time limited by law and thus § 52-592 is applicable. Since this action was brought within one year of the dismissal of the first action, it was timely brought under the provisions of 52-592. CT Page 6133
Therefore, the motion to dismiss is denied.
THOMPSON, J.